## EX PARTE ELLIS.

1. Where an appraisement of homestead is set aside by the court, and a new appraisement ordered, it is the Circuit judge who must appoint the new appraisers, and it is no error of law in him to appoint those suggested by one of the parties in interest, without notice to the other party.

2. Notice of exception filed by creditors to an appraisement of homestead, need not be served upon the judgment-debtor.

3. Exceptions to a return of commissioners in homestead being filed with the clerk of court, and by the clerk properly docketed on the calendar of the court, there is no provision of law requiring notice to be given of a motion to set aside the return.

Before WALLACE, J., Abbeville, February, 1883.

*Mr. Eugene B. Gary,* for appellant, cited *Wade Notice,* §§ 1184–1188.

*Mr. L. W. Perrin,* contra.

January 15th, 1884. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The respondents, Cochran & Bonner, having obtained a judgment against the appellant, John E. Ellis, and issued execution thereon, the appellant, on or about April 1st, 1882, applied to the sheriff to have a homestead set off to him in the land upon which he resided. Accordingly three commissioners were duly appointed for the purpose, and they made their return on May 15th, 1882, in which they appraised the land of the appellant, consisting of 210 acres, more or less,

at the sum of $945, and assigned and set off the entire tract to the appellant as his homestead.

This return was duly filed in the clerk's office on June 1st, 1882, and on the 20th day of the same month the respondents, by their attorneys, duly filed exceptions thereto upon the ground that the real estate assigned exceeded in value the amount allowed by law as a homestead, but no notice of these exceptions was served upon the appellant. At the February Term, 1883, of the Court of Common Pleas, after hearing affidavits from three parties that each of them was ready and willing to pay in cash $1,350 to $1,400 for the said real estate, Judge Wallace granted an order " setting aside the said appraisement and appointing three other commissioners to set off said homestead, all of whom were nominated by the plaintiffs." The appellant received no notice " to nominate an appraiser, nor did he receive notice that a motion would be made to set aside said return."

From this order John E. Ellis appeals upon the following grounds : " 1. Because said John E. Ellis did not receive any notice whatsoever to nominate an appraiser to set off his homestead, and the three appraisers named and appointed in and by the order aforesaid, were nominated by said Cochran & Bonner. 2. Because said John E. Ellis was not served with notice of the exceptions of said Cochran & Bonner to the return of the commissioners appointed to appraise and set off said homestead. 3. Because said John E. Ellis was not served with notice that a motion would be made to set aside said return. 4. Because said order is a complete surprise to said John E. Ellis, and will not subserve the ends of substantial justice by depriving him of the right to nominate an appraiser. 5. Because said order is, in all respects, contrary to law."

The act which was in force at the time these proceedings were instituted, is the act of 1880, (17 *Stat.* 513,) although its terms, so far as it affects the present case, are identical with section 1994 of the general statutes, which did not take effect until May 1st, 1882. It is difficult to perceive wherein the terms of this act have been violated. It did not provide, when a new appraisement was ordered by the court, that one of the appraisers should be nominated by the judgment-debtor, as it does in the case of

the first appraisement, but, on the contrary, it expressly provides that the re-appraisement shall be made by other appraisers appointed by the court; and certainly the court might, without any violation of the law, adopt those suggested by one of the parties, or by any officer of the court, or by any one else. The first exception cannot, therefore, be sustained.

As to the second exception, it will be sufficient to say that the act, in prescribing the mode of proceeding in cases like this, nowhere requires that any notice of the exceptions filed by the creditor should be served upon the judgment-debtor. All that is required is, that the exceptions shall be filed within thirty days after the filing of the return of the appraisers originally appointed; and this was done.

So, too, as to the third ground of appeal, we find no requirement that notice of a motion to set aside the return should be given. Indeed, it would seem to be wholly unnecessary to give the judgment-debtor any such notice. The very fact of filing the exceptions, as required by the act, operated as such notice, and when they were filed it would be the duty of the clerk to place the case upon the calendar for hearing by the court, as any other case, and, in the absence of any evidence to the contrary, we are bound to assume that the clerk, as a public officer, performed this duty. When the appellant made his application to have his homestead assigned to him, he knew, or ought to have known, as the act is very plain, that he had inaugurated a proceeding which could not become final or effectual until his creditors had had an opportunity to file exceptions, and that he could not take the final step necessary to perfect his right, for the protection of which such proceeding had been inaugurated by him, until after the expiration of the time allowed for filing exceptions, or until the exceptions, if filed, had been disposed of; and, surely, there could be no necessity for giving him formal notice of each step in the regular and orderly conduct, as prescribed by statute, of the proceeding which he himself had instituted. See *Johnstone* v. *Manigault*, 13 *S. C.* 403, where this court adopted a similar view in reference to another special statutory proceeding.

As to the fourth ground, we can only say, that if the order appealed from has operated as a surprise to the appellant, such a

result is due to his own *laches* in not following up his own pro-
ceeding according to the terms of the act, of which he was claim-
ing the benefit, and not to any error of law on the part of the
Circuit Court. The fifth ground of appeal, as has often been
ruled, is too general in its terms to require any special notice.

The judgment of this court is that the order of the Circuit
Court, which is appealed from, be affirmed.